UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ZAIDA CARRERO-SOTO,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,

    Defendant.

Civil No. 10-1826 (JAF)

**OPINION AND ORDER**

Plaintiff petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for disability benefits. (Docket No. 1.) Commissioner files a memorandum defending the denial (Docket No. 11), and Plaintiff files a memorandum challenging it (Docket No. 12).

**I.**

**Background**

We derive the following facts from the transcript of the record in this case. ("R.") Plaintiff was born on September 15, 1955. (R. at 50.) Plaintiff received social security benefits as an adult child, paid on her mother's earning record, from 1976 until Plaintiff married her now-deceased husband. (R. at 70.) Following her husband's death on December 19, 1995, Plaintiff received survivor's benefits until May 1, 1997. (R. at 13.) On September 16, 2005, Plaintiff applied for widow's benefits (R. at 67); to be eligible, she must demonstrate that she

Civil No. 10-1826 (JAF) -2-

was disabled on or before May 31, 2004 (R. at 13). Plaintiff cannot speak or write in English and has no previous work experience. (R. at 60.) She claims that the onset of her disability was February 1, 1976. (Id.)

Plaintiff claims she is disabled under the Social Security Act ("Act") on account of her poliomyelitis and osteoarthritis. (R. at 60.) On January 26, 2006, Commissioner determined that Plaintiff is not disabled and, accordingly, is not entitled to disability benefits under the Act. (R. at 26.) Plaintiff requested reconsideration of the determination, and on August 2, 2006, Commissioner affirmed the denial. (R. at 33.)

On September 21, 2006, Plaintiff requested a hearing before an administrative law judge ("ALJ") (R. at 35), which took place before ALJ Rafael Colón-Flores, on August 11, 2008 (R. at 265–74). Plaintiff attended the hearing with counsel and testified regarding her alleged disability. (Id.) A vocational expert testified as to what jobs a person with Plaintiff's limitations could perform. (Id.) On the basis of that testimony and the evidence discussed below, the ALJ rendered a decision on September 17, 2008, determining that Plaintiff was not disabled and denying her benefits under the Act. (R. at 13–18.) On November 6, 2008, Plaintiff requested review of the ALJ's decision by the Appeals Council (R. at 5–6), and on July 1, 2010, the Appeals Council denied her request for review (R. at 2–4). On March 17, 2010, Plaintiff filed the instant case for judicial review of Commissioner's decision. (Docket No. 1.)

Civil No. 10-1826 (JAF) -3-

## II.

## **Standard of Review**

An individual is disabled under the Act if she is unable to do her prior work or, "considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). In reviewing a denial of benefits, the ALJ must have considered all evidence in the record. 20 C.F.R. § 404.1520(a)(3). Credibility and "[c]onflicts in the evidence are . . . for the [ALJ]—rather than the courts—to resolve." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 141 (1st Cir. 1987). We reverse the ALJ only if we find that he arrived at his decision "by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

Civil No. 10-1826 (JAF)                                                                                           -4-

## III.

## **Analysis**

Plaintiff contends that the ALJ erred in determining Plaintiff's residual functional capacity ("RFC") and that the testimony of the vocational expert was therefore based on an incorrect RFC. (Docket No. 12.) On review, we must determine if there is substantial evidence to support the ALJ's conclusion.

To conclude that Plaintiff is not disabled, the ALJ had to assess Plaintiff's RFC and then use that assessment to determine whether Plaintiff could perform past relevant work or, if not, nevertheless adjust to other work. See 20 C.F.R. §§ 404.1520(e), 404.1520a(d)(3), 404.1545, 404.1560–.1569a. Section 404.1545 guides the ALJ's assessment of RFC, which is defined as "the most [one] can do despite [one's] limitations." § 404.1545(a)(1). The ALJ must use "all of the relevant medical and other evidence" to assess RFC. § 404.1545(a)(3). Section 404.1529 guides the ALJ's evaluation of symptoms and their effect on a claimant's capacity for work. See, e.g., § 404.1529(c), (d)(4).

Referencing relevant regulations, the ALJ found that Plaintiff retains the physical ability to perform light work. (R. at 15.) Light work involves "lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds," walking or standing frequently, and pushing and pulling arm or leg controls. § 404.1567(b). To be capable of light work, a plaintiff "must have the ability to do substantially all of these activities." Id. A determination that a plaintiff can do light work is also a determination that she can do

Civil No. 10-1826 (JAF) -5-

sedentary work, unless the records shows "there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." Id.

There is very little evidence on the record describing Plaintiff's limitations in functional terms. The record contains two self-reports (R. at 59–66, 79–86) and hearing testimony (R. at 268–71) from Plaintiff, notes from an interview with an SSA field officer (R. at 67–70), and a report from Plaintiff's treating physician (R. at 258–62). In her self-reports, Plaintiff claimed that she cannot pick up, lift, or carry anything and that her shoulder, arms, hand, waist, and neck movement is highly limited. (R. at 60, 65–66.) She also reported that she can walk only ten meters or fifteen minutes at a time before she must rest for thirty minutes. (R. at 84, 86.) She also reported difficulty buttoning and zipping clothes and holding on to pots. (R. at 79–81.) The field officer reported Plaintiff's difficulty sitting, standing, walking, using hands, writing, and moving her waist. (R. at 69.)

Plaintiff's treating physician, Dr. Carlos Del Valle, reported a limited range of motion in both Plaintiff's arms and shoulders; abnormal posture; and muscle spasms, weakness, and atrophy. (R. at 258.) He also reported that Plaintiff's right hand and fingers are flaccid and that both arms lack strength and can handle no overhead movement. (R. at 261.) He concluded that Plaintiff could never lift or carry even less than ten pounds. (Id.) He also concluded that Plaintiff could sit two hours at a time, stand one hour at a time, walk up to four city blocks at a time, and would need to rest for ten to fifteen minutes per thirty minutes of work. (R. at 259–60.)

Civil No. 10-1826 (JAF)                                                                                                -6-

Given this evidence, it appears Plaintiff would have difficulty meeting the demands of light work and would have additional limitations in performing sedentary work. Nevertheless, the ALJ concluded that she could perform light work and indicated no limitations on that categorization except that she "would need to alternate postural positions at will." (R. at 15–17.) The ALJ arrived at that determination because, in spite of Plaintiff's and Dr. Del Valle's reports, Plaintiff's "medical conditions have remained well controlled with occasional outpatient treatment and medication" and have not required "[e]mergency [r]oom visits, hospitalizations or any other special medical procedure." (R. at 16.) When discussing Dr. Del Valle's report, the ALJ ignored the conclusion that Plaintiff could never lift or carry even less than ten pounds; could not use her right hand or fingers; and had difficulty pushing and pulling. (Id.) Instead, the ALJ relied on hospital records and progress notes to conclude that Plaintiff's functional limitations were not as severe as Plaintiff and her treating physician reported. (See R. at 16–17.)

"Since bare medical findings are unintelligible to a lay person in terms of residual functional capacity, the ALJ is not qualified to assess claimant's residual functional capacity based on the bare medical record." Berrios Lopez v. Sec'y of Health and Human Servs., 951 F.2d 427, 430 (1st Cir. 1991); see also Rosado v. Sec'y of Health and Human Servs., 807 F.2d 292, 293–94 (1st Cir. 1986) ("By disregarding the only residual functional capacity evaluation in the record, the ALJ in effect has substituted his own judgment for uncontroverted medical

Civil No. 10-1826 (JAF)                                                                                          -7-

opinion. This he may not do."). We therefore find that the ALJ erred in determining Plaintiff's RFC and that his conclusion was not supported by substantial evidence.

Given that Plaintiff had no prior work experience, the ALJ had to determine whether, given her particular RFC, she can nevertheless perform relevant work. See § 404.1520(g). The Commissioner had the burden of demonstrating that other work exists in the national economy a person of Plaintiff's RFC and vocational factors—such as age, education and work experience—can do. See § 404.1560(c)(2); see also Rosado, 807 F.2d at 294 ("[I]t is the [Commissioner's] burden . . . to show that there are jobs in the economy that the claimant can perform . . . ."). When presenting the Plaintiff's capacity to the vocational expert at the hearing, the ALJ hypothesized that Plaintiff could do light work, with the additional limitation of needing to alternate between sitting and standing. (See R. at 271–72.) We therefore find that the ALJ presented the vocational expert an unsubstantiated RFC and that the expert's conclusion drawn therefrom is not an accurate assessment of Plaintiff's ability to perform relevant work.

For the reasons stated above, we find that Commissioner's disability determination lacks a basis in substantial evidence. See 42 U.S.C. § 405(g). The ALJ's determination was not substantiated by evidence of Plaintiff's limitations expressed in functional terms. Where an ALJ's decision is undermined by infirmities in evidentiary support, the usual remedy is to remand for further consideration of relevant medical records. See Seavey v. Barnhart, 276 F.3d 1, 12–13 (1st Cir. 2001).

Civil No. 10-1826 (JAF)                                                                                                        -8-

## IV.

## Conclusion

In view of the foregoing, we hereby **VACATE** Commissioner's determination. We **GRANT** Plaintiff's petition (Docket No. 1) and **REMAND** the case to Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for findings not inconsistent with this opinion.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of July, 2011.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U.S. District Judge